FILED
2017 JUN 26 PM 1:08
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELICA LUNN,

    Plaintiff,

vs.

CASE NO.: 6:17-cv-1170-ORL-31GJK

BIGLARI HOLDINGS INC. d/b/a
STEAK 'N SHAKE and STEAK N
SHAKE INC. a Foreing Profit
Corporation,

    Defendants.
_____/

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANGELICA LUNN, ("Plaintiff"), was an employee of Defendant, BIGLARI HOLDINGS INC. d/b/a STEAK 'N SHAKE, ("BIGLARI") and STEAK N SHAKE INC., ("SNS") or (collectively as "Defendants"), and brings this action for unpaid minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Orange County, Florida.

4. Defendant, BIGLARI, conducts business in, among others, Orange County,

1

Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

5. Defendant, SNS, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

6. Defendants, BIGLARI and SNS, Foreign Profit Companies, are in the business of operating restaurants located at, among other locations, 7101 W Colonial Drive, Orlando, Florida 32828 and 818 South Orlando Avenue, Winter Park, Florida 32789. *See* Defendants' website, *available at* http://www.steaknshake.com.

7. The Plaintiff in this action was employed by Defendants as an hourly paid waitress from on or around June 2015 to March 2017.

## COVERAGE

8. At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

10. At all material times, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

2

a. Engaged in commerce; or

b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. napkins, silverware, computers, and/or office supplies).

12. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

13. Defendants are companies that each operate as a restaurant.

14. Defendants were "employers" of Plaintiff within the meaning of the FLSA.

15. Plaintiff was an employee of Defendants within the meaning of the FLSA.

16. Plaintiff performed waitress duties for Defendants.

17. Plaintiff worked in this capacity from approximately June 2015 through March 2017.

18. Plaintiff worked for Defendants at their 7101 W Colonial Drive, Orlando, Florida 32828 location from on or around June 2015 to January 2017.

19. Plaintiff worked for Defendants at their 818 South Orlando Avenue, Winter Park, Florida 32789 location from on or around February 2017 to March 2017.

20. Defendants chose to pay Plaintiff pursuant to the FLSA tip credit provisions.

21. Plaintiff was paid the tip-credited wage per hour worked by Defendants. Specifically, Plaintiff was paid the applicable Florida statutory minimum wage rate, minus $3.02 per hour worked pursuant to the FLSA tip credit provisions.

3

22. Plaintiff spent a substantial amount of time performing non-tip producing duties for Defendants.

23. Defendants paid plaintiff the tip-credited wage for the hours spent performing non-tip producing duties on behalf of Defendants.

24. As a result, from on or around June 2015, Plaintiff routinely worked for Defendants without receiving at least the statutory minimum wage for each of her hours worked.

25. Plaintiff should have received the full statutory minimum wage rate for all hours worked per workweek.

26. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation to Plaintiff.

27. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

29. Defendants failed to maintain proper time records as mandated by law.

30. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32. Plaintiff was entitled to be paid the full minimum wage for all hours worked per workweek during her employment with Defendants.

33. Plaintiff was entitled to receive the full statutory Florida minimum wage rate for all hours worked per workweek during her employment with Defendant. *See* 29 U.S.C. §218(a); 29 C.F.R. §541.4 and 29 C.F.R. §778.5.

34. Plaintiff did not receive proper minimum wage compensation from Defendants as a result of spending a substantial amount of time performing non-tip producing duties for Defendants.

35. Because of this improper policy, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206).

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

37. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff her proper minimum wages during one or more work weeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

38. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants;

    a. Awarding Plaintiff her unpaid minimum wages as allowable under the FLSA statute of limitations period;

    b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 06/26/17.

Respectfully submitted by,

KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Attorneys for Plaintiff

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, ANGELICA LUNN, declare under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of June, 2017.